# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TITO JOHNSON,

    Plaintiff,

v.                                CIVIL ACTION NO.: CV614-119

ROBERT TOOLE; THOMAS
DeLOACH; MILTON SMITH;
and ANDREW JENKINS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. (Doc. 1). A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A. In determining compliance, the court is guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

Section 1915A requires a district court to screen a prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b).

AO 72A
(Rev. 8/82)

Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss an action that "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, the Eleventh Circuit Court of Appeals interpreted the language in section 1915(e)(2)(B)(ii). 112 F.3d 1483, 1490 (11th Cir. 1997). Noting that this language closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for deciding whether to dismiss under that rule for failure to state a claim apply equally in evaluating prisoner complaints filed pursuant to section 1915(e)(2)(B)(ii). Id. While the court in Mitchell interpreted section 1915, its interpretation guides this Court in applying the nearly identical language of the screening provisions in section 1915A.

Plaintiff asserts that he was written a disciplinary report for assault on an officer on February 24, 2014, but that the assault was expunged on March 19, 2014. (Doc. 1, p. 5). Plaintiff complains that he subsequently was assigned to "Tier Program" housing designed for long-term disciplinary sanctions, based solely on the expunged assault and without a disciplinary hearing or conviction, and was placed with a roommate having a history of violence against roommates. (Id. at pp. 5–6). Plaintiff contends that he filed requests for transfer, grievances, and requests for protective custody but that Chief Counselor Milton Smith ("Smith") and Unit Manager Thomas Deloach ("Deloach") rejected or ignored these complaints without investigation. (Id.). Plaintiff filed the instant action naming Smith, Deloach, Warden Robert Toole ("Toole"), and Sergeant Andrew Jenkins ("Jenkins") as Defendants and seeking relief for alleged Fifth Amendment Due Process Clause and Double Jeopardy Clause violations as well as retaliation. (Id.). Specifically, Plaintiff asks the Court to terminate Defendants from their

2

positions at the Georgia Department of Corrections and to require the federal Department of Corrections to investigate the Tier Program and conduct regular audits. (Id. at p. 6).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(A)(2). While the plaintiff need not provide detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted). To state a claim for relief under section 1983, the plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff, to the extent that he seeks to do so, cannot hold Defendants liable in their official capacities. A lawsuit against a state agency or a state officer in his official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) (finding that section 1983 does not abrogate well-established immunities under the Eleventh Amendment). Because the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities, the Eleventh Amendment immunizes these actors from suit. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also U.S. Const. amend. XI. Plaintiff's claims against Defendants in their official capacities should be **DISMISSED**.

AO 72A
(Rev. 8/82)

Plaintiff also cannot sustain claims against Defendants Toole or Jenkins individually. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id. at 802 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). It appears that Plaintiff seeks to hold Defendants Toole and Jenkins liable based solely on their supervisory roles as Warden and Sergeant, respectively; however, Plaintiff's factual allegations make no mention of Defendants Toole or Jenkins. (See Doc. 1, pp. 4–6). Without any factual content even suggesting that Defendants Toole or Jenkins had some involvement in Plaintiff's housing assignment or conditions of confinement, Plaintiff's Complaint fails to plausibly suggest that either of these Defendants could be held liable as supervisors for any potential constitutional violation. See Ashcroft, 556 U.S. at 678 (explaining that the plausibility standard requires pleading "factual content" (citations omitted) (internal quotation marks omitted)); see also Bell Atl. Corp. v. Tombly, 550 U.S. 544, 570 (2007) (stating that factual content must nudge claims "across the line from conceivable to plausible"). Plaintiff thus fails to state any plausible claim for relief against Defendants Toole or Jenkins, and these Defendants should be **DISMISSED** from this action.

As to Defendants Smith and Deloach in their individual capacities, Plaintiff fails to state a section 1983 claim based on retaliation against either of them. To state a constitutional claim for retaliation under the First Amendment, "a prisoner need not

4

allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (alterations omitted) (quoting Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989)). Rather, "the gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. (alteration omitted) (quoting Thomas, 880 F.2d at 1242). According to Plaintiff, "since [the expunged assault] incident that occurred on February 24, 2014, [he] ha[s] been the target of retaliation," which includes his assignment to the Tier Program and the denials of his requests and grievances. (Doc. 1, p. 5). Even assuming, arguendo, that Plaintiff is being punished for his actions giving rise to the expunged assault, those actions in no way constituted an exercise of his right of free speech. Because Plaintiff's allegations of punishment do not reflect the type of retaliation necessary for a constitutional claim, Plaintiff's retaliation claims should be **DISMISSED**.

Plaintiff likewise cannot sustain his section 1983 claims based on a violation of the Fifth Amendment Double Jeopardy Clause. While the Fifth Amendment binds only the federal government, the Double Jeopardy Clause applies to state actors through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 794 (1969). The Double Jeopardy Clause requires that no person "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; see also U.S. Const. amend XIV. In other words, the Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense occurring in successive proceedings"; it does not apply to the imposition of administrative punishment, such as prison disciplinary sanctions. U.S. v. Mayes, 158 F.3d 1215, 1221, 1224–25 (11th Cir. 1998) (internal quotation marks omitted) (quoting Hudson v. United States, 522 U.S. 93,

5

99 (1997)). In support of his double jeopardy claims, Plaintiff alleges only that he "was placed in a program designed for long-term disciplinary sanctions . . . without a disciplinary hearing or conviction." (Doc. 1, p. 5). Because Plaintiff's factual allegations pertain only to the imposition of a prison disciplinary sanction, which does not trigger double jeopardy protections, Plaintiff's double jeopardy claims should be **DISMISSED**.

With regard to Plaintiff's due process claims, the Due Process Clause of the Fourteenth Amendment, rather than the Fifth Amendment, explicitly applies to the states. See U.S. Const. amend. XIV. The Fourteenth Amendment Due Process Clause provides, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." Id. The U.S. Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court, and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F. 3d 1285, 1290–91 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief against Defendants Smith and Deloach under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A for alleged due process violations; however, the Court cannot grant the relief Plaintiff requests. A denial of procedural due process is actionable under section 1983 only for nominal damages, absent proof of actual injury.

6

Carey v. Piphus, 435 U.S. 247, 266 (1978). Based on his alleged denial of due process, Plaintiff requests that this Court terminate Defendants' employment at the Georgia Department of Corrections and require the federal Department of Corrections to conduct an investigation and regular audits. (Doc. 1, p. 6). Even if this Court were to find in favor of Plaintiff on his due process claims, the Court ultimately would not be able to grant Plaintiff the relief he is seeking through this civil rights action. The undersigned therefore finds no reason to allow Plaintiff to proceed with his section 1983 claims on this basis.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 16th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)