IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TITO JOHNSON,

    Plaintiff,

v.                                      CIVIL ACTION NO.: CV614-119

ROBERT TOOLE; THOMAS
DeLOACH; MILTON SMITH;
and ANDREW JENKINS,

    Defendants.

## ORDER

After an independent and <u>de novo</u> review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections. For the reasons set forth below, Plaintiff's Objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** with prejudice, because Plaintiff fails to state a claim upon which relief may be granted.

I. Background

On November 17, 2014, Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, filed the instant action against various prison officials pursuant to 42 U.S.C. § 1983 (2014). (Doc. 1, p. 1.) In his Complaint, Plaintiff alleges that Defendants assigned him to disciplinary "Tier Program" housing, based solely on an expunged disciplinary report and without any hearing or conviction, and ignored or denied his subsequent grievances and requests without any investigation. (<u>Id.</u> at pp. 5–6.) According to Plaintiff, Defendants' actions violated

his constitutional rights to be free from retaliation, deprivations without due process of law, and double jeopardy. (Id.) Plaintiff requests that the Court terminate Defendants' employment and order federal investigations and audits of the state Department of Corrections. (Id. at p. 6.)

In a Report and Recommendation dated January 16, 2015, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed for failing to state a claim upon which relief may be granted. (Doc. 10, p. 7.) Specifically, the Magistrate Judge recommended dismissal of any claims against Defendants in their official capacities, based on principles of immunity, and any claims against Defendants Robert Toole ("Toole") and Sergeant Andrew Jenkins ("Jenkins") individually as supervisors. (Id. at pp. 2–4.) While the Magistrate Judge also recommended dismissal of any retaliation and double jeopardy claims against Defendants Milton Smith ("Smith") and Thomas Deloach ("Deloach") individually, the Magistrate Judge noted that Plaintiff's allegations that these Defendants denied his grievances without investigation arguably state colorable claims for relief based on procedural due process violations. (Id. at p. 6.) Nevertheless, the Magistrate Judge recommended dismissal of Plaintiff's due process claims, because the Court cannot grant the requested injunctive relief on this basis. (Id. at pp. 6–7.)

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on February 2, 2015, contending that the Court should not dismiss his cause of action. (Doc. 15, p. 2.) Plaintiff argues that the Magistrate Judge "fail[ed] to identif[y] the four factors governing the reasonableness review of prison regulations" and to determine "whether the prison regulations unreasonably impinge on [ ] Plaintiff's constitutional rights." (Id. at pp. 1–2.) Plaintiff requests an opportunity to present evidence on his claims and asks the Court to grant him the relief

requested or, in the very least, order that Plaintiff be transferred from the Tier Program at Georgia State Prison to a medium-security prison. (Id. at p. 2; Doc. 16, p. 2.)

**II. Discussion**

The Court must dismiss a prisoner's complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or requests monetary damages from a defendant who is immune. 28 U.S.C. § 1915A(b) (2014). Although a pro se complaint is entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), the complaint nevertheless "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted). To state a plausible claim for relief under Section 1983, the plaintiff must allege that (1) an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States" and (2) the act or omission was committed by "a person acting under color of state law." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995).

Based on these principles, the undersigned adopts the Magistrate Judge's reasons for dismissing Plaintiff's allegations against the various Defendants (see Doc. 10, pp. 2–6) and adds the following two points of discussion. First, the Magistrate Judge correctly determined that the Eleventh Amendment immunizes Defendants from suits in their official capacities. (Id. at p. 3.) It is worth noting, however, that the Eleventh Amendment bars "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law" and does not bar "relief that serves directly to bring an end to a present violation of federal law." Papasan v. Allain, 478 U.S. 265, 278 (1986). Plaintiff's only colorable claims for relief involve the past denials of his grievances amounting to procedural due

3

process violations at that time, and Plaintiff's current housing assignment—while the direct result of those past actions—does not constitute an ongoing constitutional violation. See id. at 282. Because Plaintiff seeks equitable relief for past, as opposed to present, constitutional violations, the Eleventh Amendment bars Plaintiff's suit against Defendants in their official capacities.

Second, the Magistrate Judge correctly found that the Court cannot grant Plaintiff the equitable relief he is seeking from Defendants Smith and Deloach individually. The Magistrate Judge explained that "[a] denial of procedural due process is actionable under section 1983 only for nominal damages, absent proof of actual injury." (Doc. 10, pp. 6–7.) The undersigned adds that the absence of actual injury limits only the amount of monetary damages—making only nominal, rather than compensatory, damages available under those circumstances. See Carey v. Piphus, 435 U.S. 247, 266 (1978) (reversing the appellate court's holding that the plaintiffs should be granted compensatory damages for a procedural due process violation causing no actual injury). Equitable relief, by contrast, is often available to remedy procedural due process violations without regard to actual injury. See McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) ("In procedural due process cases, . . . the primary relief sought is equitable."); see also Carey, 435 U.S. at 252–53, 266 (noting that the appellate court also found plaintiffs to be entitled to declaratory and injunctive relief and reversing only on the issue of the damages award). However, the limitations on equitable relief in the prison context traditionally have included a reluctance to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison

administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989); Newman v. State of Ala., 683 F.2d 1312, 1320–21 (11th Cir. 1982) ("Deference to prison authorities is especially appropriate when state penal facilities are involved.") (reversing a district court's injunction requiring a release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available). Because Plaintiff's only requests for relief involve the hiring and firing of prison officials, internal auditing of prison programs, and an inmate transfer—matters concerning prison administration—the Court cannot grant Plaintiff the equitable relief he requests.

The undersigned further rejects Plaintiff's arguments in his Objections. Plaintiff maintains that the Magistrate Judge failed to analyze the reasonableness of prison regulations (Doc. 15, p. 1); however, Plaintiff's factual allegations fail to mention, much less challenge, any prison regulation (see Doc. 1, pp. 5–6). While Plaintiff's allegations could give rise to procedural due process claims if Defendants Smith and Deloach failed to follow prison policy in rejecting Plaintiff's grievances (see Doc. 10, p. 6), it is the departure from prison policy—not the prison policy itself—that would be subject to constitutional scrutiny. Additionally, the Court rejects Plaintiff's request for an opportunity to introduce evidence to support his claims. (Doc. 15, pp. 1–2.) Plaintiff's burden at the pleading stage is to provide this support through the factual allegations in his Complaint. See Ashcroft, 556 U.S. at 678. Finally, Plaintiff's alternative request for relief—transfer to a different prison facility (id. at p. 2)—also would not cure his failure to state a claim, because the Court still cannot grant Plaintiff the equitable relief he is seeking for the reasons discussed supra.

## III. Conclusion

Based on the foregoing, Plaintiff's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** with prejudice, based on his failure to state a claim upon which relief may be granted. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this **1** day of **April**, 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA